IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SANCY WALKER, II,

                Plaintiff

    VS.

                                    **5:05-CV-279 (CWH)**

JO ANNE B. BARNHART,
Commissioner of Social Security,

           Defendant       **SOCIAL SECURITY APPEAL**

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On August 3, 1999, plaintiff filed an application for Disability Insurance Benefits and Period of Disability. He alleged disability commencing on July 14, 1999, due to lung disease and chest pain. The application was granted initially but remanded by the Appeals Council on March 17, 2001. On remand, the administrative law judge (ALJ) denied plaintiff's claims in a decision dated November 24, 2003. The plaintiff's appeal of the ALJ's decision was denied by the Appeals Council on June 15, 2005. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 *et seq*.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id.*

## DISCUSSION

The plaintiff has three contentions as to why the Appeals Council's decision should be reversed or remanded: first, that the Commissioner erred in rejecting the opinion of an examining physician, accepting instead the opinion of a non-examining doctor who had access to the entire patient record; second, that the ALJ erroneously based his findings on a hypothetical that did not include all of plaintiff's physical impairments; and third, that on remand the ALJ did not comply with the order of the Appeals Council.

### 1. Rejection of Examining Doctor's Opinion

The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).A treating physician's report may also be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

In the present case, the ALJ was presented with the findings of Dr. Hutchings, a family practitioner, and Dr. Gilmon, a pulmonary specialist who had access to the entire medical record. Basing his opinion on the medical test results and information provided by the plaintiff during a consultive examination, Dr. Hutchings found that the plaintiff's pulmonary disorder would limit him to sedentary work in a temperature-controlled environment with little exposure to fumes and hazards. Those conclusions differ from those of Dr. Gilmon who, based on the entire medical record, found that the plaintiff could perform medium exertional work with some environmental limitations.

Generally an ALJ must afford more weight to the observations and conclusions of examining doctors than those of non-examining physicians (20 C.F.R. §§ 404.1527(d)(1) & (2)), but an ALJ may take into account the conclusions of specialists and give them more weight than non-specializing doctors.  20 C.F.R. §§ 404.1527(d)(5).  Having established that Dr. Hutchings is a family practitioner who based his findings largely on subjective complaints by the plaintiff and that Dr. Gilmon is a pulmonary specialist who based his opinions on objective medical evidence, the ALJ concluded that Dr. Gilmon's findings were more credible.  Because he articulated valid reasons for his weighing of the evidence, the ALJ did not err by assigning Dr. Gilmon's opinion more weight than an examining doctor.

## 2. "Incomplete" hypotheticals

The ALJ posed hypotheticals to the Vocational Expert (VE) and based his ruling in part on the responses given by the VE.  The plaintiff asserts that the hypotheticals given to the VE were incomplete because they did not include the conclusions of Dr. Hutchings.  If an ALJ bases his decision on an incomplete or inaccurate hypothetical, that is an error subject to remand.  In this case, however, the ALJ did not include the findings of Dr. Hutchings in his hypotheticals because he did not find that the medical evidence supported those conclusions.  The ALJ is not required to include medical findings in a hypothetical where the ALJ has properly rejected the findings as unsupported. *Crawford v. Commissioner*, 363 F.3d 1155 (11th Cir. 2004).

As discussed above, the ALJ found the conclusions of the pulmonary specialist to be more in concert with the medical evidence than the opinion of a family practitioner. That conclusion is based on substantial evidence; thus, the ALJ did not commit reversible error by not including in his hypotheticals the conclusions of Dr. Hutchings that conflicted with the conclusions of Dr. Gilmon.

## 3. Noncompliance With Appeals Council Directive

The plaintiff's final plea for remand is that the ALJ did not obtain an updated internal medicine consultative report from either Dr. Hutchings or a pulmonary specialist, as the Appeals Council had ordered that the ALJ do on remand.  It is clear that Dr. Hutchings performed a consultative examination on remand and that Dr. Gilmon submitted his findings to the ALJ before the ALJ made its ruling on appeal.  Furthermore, if the Appeals Council's order had not been followed, that council could have remanded it again for further proceedings. Since the Council did not remand the case again, it appears that its members were satisfied with the evidence presented to them.

## CONCLUSION

The ALJ's findings are supported by substantial evidence because he assigned correct weight to the opinions of the physicians and he posed correct hypotheticals to the VE. Finally, this court will not second guess the Appeals Counsel's decision whether or not to remand a case a second time when there is substantial evidence in the record to support the ALJ's finding.

Accordingly,  the Commissioner's decision be **AFFIRMED**.

SO ORDERED, this 24th day of MAY, 2006.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE